02-10-480-CR THRU 02-10-486-CR








 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00480-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1205909R)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 





 




 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00481-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1155682D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 






 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00482-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1210443D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 






 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-10-00483-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1156209D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 



 




 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-10-00484-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1156218D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 



 




 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00485-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1164491D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 

 



 




 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00486-CR

 

 


 
 
 Marcus
 Wayne Rhodes
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1167954D)
  
 November
 1, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 



 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00480-CR

NO. 02-10-00481-CR

NO. 02-10-00482-CR

NO. 02-10-00483-CR

NO. 02-10-00484-CR

NO. 02-10-00485-CR

NO. 02-10-00486-CR

 

 


 
 
 Marcus Wayne Rhodes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          According
to testimony from many witnesses at trial, over the course of several years
leading up to 2009, appellant Marcus Wayne Rhodes committed aggravated sexual
assault against five women and attempted to sexually assault two other women.  Each
woman had a criminal history, including convictions for prostitution.

          In
April 2009, Grand Prairie police officers arrested appellant at his job.  After
his arrest and after the Grand Prairie officers gave him Miranda[2]
warnings, those officers and two Fort Worth officers recorded an interview with
him.  The Fort Worth officers arrived for the interview in time to watch
appellant receive the Miranda warnings from an adjoining room through
closed-circuit television.  The Fort Worth officers later entered the interview
room to talk to appellant while the Grand Prairie officers watched that part of
the interview from the adjoining room.  Appellant never said that he wanted to
end the interview or talk to a lawyer.

          Grand
juries indicted appellant with six counts of aggravated sexual assault and two
counts of attempted sexual assault, among other charges.[3] 
Appellant’s indictments contained habitual offender notices alleging that he
had been previously convicted of two other felony offenses.  The trial court
appointed counsel for appellant and granted his motion for the appointment of
an investigator.  Appellant filed motions to suppress the recorded oral
statement that he had made to the police.  The trial court viewed the recording
and held a hearing on appellant’s motions but denied them.

          Appellant
agreed to participate in one trial to resolve all of his charges.  He pled not
guilty to each offense.  His predominant defensive theories at trial were that
the victims of his crimes were not credible and had consented to the sexual
encounters that they had with him as part of prostitution agreements.  After a
jury heard extensive evidence and arguments from the parties, it convicted appellant
of six counts of aggravated sexual assault and two counts of attempted sexual
assault.

          Appellant
chose the trial court to assess his punishment in each case.  He pled true to
the indictments’ habitual offender notices, and his wife testified in the
punishment phase.  The trial court sentenced appellant to life sentences for five
of the aggravated sexual assault convictions, life sentences for each of the
attempted sexual assault convictions, and a sentence of fifty years’
confinement for the remaining aggravated sexual assault conviction.  The court
ordered each sentence to run concurrently with the others.  Appellant brought
these appeals.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that in his
professional opinion, there are “no errors warranting reversal that can be
legitimately supported by the record.”  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); see In re
Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing the
effect of Anders).  We gave appellant an opportunity to file a pro se
response to his counsel’s brief, but he has not done so.  The State has not
filed a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to independently examine the record and to determine whether
there are arguable grounds for appeal.  See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920,
922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s
motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct.
346, 351 (1988). We have carefully reviewed the record and counsel’s brief.  We
agree with counsel that the appeal is frivolous; we find nothing in the record
that might arguably support the appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206
S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s
motion to withdraw and affirm the trial court’s judgments.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 1, 2012









[1]See Tex. R. App. P.
47.4.





[2]See Miranda v. Arizona,
384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).





[3]See Tex. Penal Code
Ann. §§ 15.01(a), 22.011(a) (West 2011), § 22.021(a)(1)(A)(i)–(ii), (2)(A)(ii)–(iii)
(West Supp. 2012).